# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JUAN C. AYALA,

      Appellant,

      v.

DEPARTMENT OF HOMELAND
  SECURITY,

      Agency.

DOCKET NUMBER
DA-0752-13-0412-I-2

DATE: September 5, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Lorenzo W. Tijerina, Esquire, San Antonio, Texas, for the appellant.

Pamela B. Peck, San Antonio, Texas, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which sustained his removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2    The agency removed the appellant from his position as an Immigration Enforcement Agent based on two specifications of filing a false tax return.  Initial Appeal File (IAF), Tab 4, Volume (Vol.) 2 at 26-27.  On appeal, the appellant alleged, among other things, that the agency failed to provide him with the due process required by *Kalkines v. United States*, 473 F.2d 1391 (Ct. Cl. 1973), because the agency admittedly failed to provide him with the *Kalkines* warning before he was interviewed by the Office of Professional Responsibility (OPR).[2] RAF, Tab 3 at 4-5.  After holding a hearing, the administrative judge found that the agency proved the charge, the agency did not commit harmful error by failing to provide the *Kalkines* warning to the appellant, and the removal penalty was reasonable.  RAF, Tab 10, Initial Decision (ID) at 14-15.

---

[2] The appellant filed a timely appeal of his removal, which the administrative judge dismissed without prejudice to the appellant's right to refile on or before October 19, 2013.  *Ayala v. Department of Homeland Security*, MSPB Docket No. DA-0752-13-0412-I-1, IAF, Tab 1, Tab 16 at 2.  On October 17, 2013, the appellant timely refiled his appeal.  *Ayala v. Department of Homeland Security*, MSPB Docket No. DA-0752-13-0412-I-2, Refiled Appeal File (RAF), Tab 1.  The administrative judge issued an acknowledgment order allowing the parties to refer to the prior Board record during the adjudication of the refiled appeal.  RAF, Tab 2.

¶3     The appellant filed a petition for review arguing that the administrative judge based her decision on an erroneous interpretation of statute or regulation, the initial decision contained erroneous findings of fact, and the administrative judge abused her discretion in affirming the appellant's removal. Petition for Review (PFR) File, Tab 1 at 4, 10, 17. In support of his petition, the appellant argues that the Board should rescind his removal because of "the Agency's failure to provide the Appellant's due process in accordance with *Kalkines*." PFR File, Tab 3.

¶4     *Kalkines*, 473 F.2d at 1391, involved an employee who was fired for refusing to answer questions in a civil investigation by his employer because he was concerned that his answers might be used against him in a related criminal action. In *Kalkines*, the court set forth the procedures that a government employer must follow in order to remove an employee for failing to answer questions in a civil disciplinary investigation involving an employee facing a substantial risk of criminal prosecution for actions connected with the subject of the inquiry. *Id.* at 1392-93. Pursuant to *Kalkines*, an agency can remove a federal employee for failing to answer questions in the civil disciplinary inquiry, if the employee is sufficiently warned before questioning "that he is subject to discharge for not answering and that his replies (and their fruits) cannot be employed against him in a criminal case." *Id*. at 1393 (citations omitted).

¶5     Here, there is no dispute that the agency failed to provide the *Kalkines* warning to the appellant. We find, however, that *Kalkines* does not apply to the facts of this case because the agency did not remove the appellant for failing to answer questions in the disciplinary investigation. The agency removed the appellant based on his sworn statement admitting that he filed false tax returns in 2007 and 2008, and the appellant does not dispute the facts underlying the charged misconduct on review. *See* RAF, Tab 4 at 12, 14; IAF, Tab 4, Vol. 2 at 26-27. Moreover, we agree with the administrative judge's finding that, before the appellant's interview by OPR, the appellant received an "Administrative

Warning" that complied with the procedure in *Kalkines*.[3]  ID at 12-13.  We therefore find that the appellant's arguments on review present no reason to disturb the initial decision affirming his removal based on the proven charge of filing a false tax return.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United

---

[3] The record reflects that the appellant received an "Administrative Warning" advising him, before his OPR interview, that the inquiry was "solely administrative" and that "neither [his] answers, nor any information or evidence gained by reason of [his] answers, [could] be used against [him] in a criminal proceeding," except if such answers were false.  RAF, Tab 4 at 20; *see Masino v. United States*, 589 F.2d 1048, 1053 (Ct. Cl. 1978) (finding that the agency strictly complied with the *Kalkines* decision by informing the appellant, before his administrative interview, "that any answers he gave could not be used against him in any subsequent criminal proceeding except if such answers were false").

States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.